# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 11-697V
**Filed: August 17, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | UNPUBLISHED |
| S.A.H., *a minor child, by her Mother*, ANA HASTINGS, | * * * | |
| | * | Special Master Gowen |
| Petitioner, | * * | |
| | * | Joint Stipulation on Damages; |
| v. | * | Flu Vaccine; MMR Vaccine; |
| | * | Table Encephalitis; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | Autoimmune Encephalitis. |
| Respondent. | * * * | |
| * * * * * * * * * * * * * * | | |

Curtis R. Webb, Esq., Twin Falls, ID, for petitioner.
Ann D. Martin, Esq., United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

On October 20, 2011, Ana Hastings ("petitioner") filed a petition on behalf of her minor child, S.A.H., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that as a result of receiving an influenza ("flu") vaccine, and/or a Measles-Mumps-Rubella ("MMR") vaccine on October 20, 2008, S.A.H. sustained the first symptom or manifestation of the onset of encephalitis within the time period set forth in the Table for MMR vaccine. Stipulation ¶ 2, 4, filed August 14, 2015. In the alternative, petitioner

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

alleged that S.A.H. suffered from autoimmune encephalitis caused-in-fact by the minor's MMR and/or flu vaccinations. Id. at ¶ 4. Further, petitioner alleged that S.A.H. experienced residual effects of her injury for more than six months. Id.

On August 14, 2015, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that the MMR vaccination caused S.A.H. to suffer the onset of encephalitis within the time period set for in the Table for MMR vaccine, and also denies that the MMR and/or flu vaccines caused S.A.H. to suffer autoimmune encephalitis or any other injury. Id. at ¶ 6. Respondent further denies that S.A.H.'s current condition is the sequelae of a vaccine-related injury. Id. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $50,000.00, in the form of a check payable to petitioner, Ana Hastings, as guardian/conservator of S.A.H.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Id. at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

                                                   **s/ Thomas L. Gowen**
                                                 Thomas L. Gowen
                                                 Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

_____
                                                              )
S.A.H., a minor child by her mother, ANA  )
HASTINGS,                                             )
                                                              )
                    Petitioner,                         )    No. 11-697V
                                                              )    Special Master Gowen
        v.                                                  )    ECF
                                                              )
SECRETARY OF HEALTH AND        )
HUMAN SERVICES,                           )
                                                              )
                    Respondent.                      )
_____)

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of her daughter, S.A.H., petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.A.H.'s receipt of Measles-Mumps-Rubella ("MMR") vaccine and/or influenza vaccine, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. S.A.H. received MMR and influenza vaccines on October 20, 2008.

3. The vaccines were administered within the United States.

4. Petitioner alleges that S.A.H. sustained the first symptom or manifestation of the onset of encephalitis within the time period set forth in the Table for MMR vaccine. In the alternative, petitioner alleges that S.A.H. suffered autoimmune encephalitis that was caused in fact by her MMR and/or influenza vaccines. Petitioner further alleges that S.A.H. experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of S.A.H. as a result of her condition.

6. Respondent denies that S.A.H. suffered the onset of encephalitis within the time period set forth in the Table for MMR vaccine; denies that the MMR and/or influenza vaccines caused S.A.H. to suffer autoimmune encephalitis or any other injury; and denies that S.A.H.'s current condition is the sequelae of a vaccine-related injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $50,000.00 in the form of a check payable to petitioner as guardian/conservator of S.A.H.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be

2

expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.  Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13.  Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as guardian/conservator of S.A.H.'s estate under the laws of the State of Utah.  No payment pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as guardian/conservator of S.A.H.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as guardian/conservator of the estate of S.A.H. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of S.A.H., upon submission of written documentation of such appointment to the Secretary.

14.  In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and as legal representative of S.A.H., on petitioner's own behalf, and on behalf of S.A.H., her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary

of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.A.H. resulting from, or alleged to have resulted from, the MMR and/or influenza vaccinations administered on October 20, 2008, as alleged by petitioner in a petition for vaccine compensation filed on or about October 20, 2011, in the United States Court of Federal Claims as petition No. 11-697V.

15. If S.A.H. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18.  This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the MMR and/or influenza vaccines caused S.A.H. to suffer encephalitis, autoimmune encephalitis, or any other injury.

19.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Ana A. Hastings*
ANA HASTINGS

ATTORNEY OF RECORD FOR
PETITIONER:

*[signature]*
CURTIS R. WEBB
752 Addison Avenue
P.O. Box 1768
Twin Falls, ID 83303-1768
(208) 734-1616

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

*[signature]*
A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

*[signature]*
ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 307-1815

Dated:  8/14/15